## A.N.L.Y.H. Invs. LP v JDS Principal Highline LLC

2025 NY Slip Op 30443(U)

February 4, 2025

Supreme Court, New York County

Docket Number: Index No. 651757/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------------X

A.N.L.Y.H. INVESTMENTS LP,

                             Plaintiff,

                    - v -

JDS PRINCIPAL HIGHLINE LLC, JDS CONSTRUCTION
GROUP LLC, MICHAEL STERN,

                         Defendants.

-------------------------------------------------------------------------------------X

JDS PRINCIPAL HIGHLINE LLC

                         Plaintiff,

                 -against-

ACKERMAN MANAGEMENT AND DEVELOPMENT LLC
A/K/A ACKERMAN DEVELOPMENT, ARIEL ACKERMAN

                         Defendants.
-------------------------------------------------------------------------------------X

JDS CONSTRUCTION GROUP LLC, MICHAEL STERN

                         Plaintiff,

                 -against-

ACKERMAN MANAGEMENT AND DEVELOPMENT LLC,
ARIEL ACKERMAN

                         Defendants.
-------------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651757/2022 |
| **MOTION DATE** | 12/13/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595467/2022

Second Third-Party
Index No.  595307/2023

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51, 52, 53, 54, 55, 59, 60, 61

were read on this motion for                ATTORNEY WITHDRAWAL          .

       Blank Rome LLP ("Blank Rome") seeks to withdraw as counsel for Third-Party

Defendants Ackerman Management and Development LLC ("Ackerman Development") and

**651757/2022   A.N.L.Y.H. INVESTMENTS LP vs. JDS PRINCIPAL HIGHLINE LLC ET AL**       **Page 1 of 5**
   **Motion No.  002**

1 of 5

Ariel Ackerman ("Ariel," and together with Ackerman Development, the "Ackerman Defendants"). Blank Rome is currently counsel of record both for plaintiff A.N.L.Y.H. Investments LP a/k/a ANLYH LLP ("ANLYH"), and the Ackerman Defendants.

Blank Rome seeks to withdraw its representation due to a breakdown in the attorney client relationship, a failure by the Ackerman Defendants to pay legal fees, and the divergent interests of the client and firm regarding outstanding liens and collection efforts against the Ackerman Defendants and their affiliates (*see* NYSCEF 52 ["Flanders Affirm"] at ¶¶2–3).

Defendants, third-party plaintiff, and second third-party plaintiffs in the above-captioned action (collectively, "Defendants") partially oppose this motion on the grounds that Blank Rome should not be able to continue to represent Plaintiff in this action without the imposition of any conditions designed to protect the rights of Defendants respecting ongoing discovery.

Defendants request that the Court not permit Blank Rome to withdraw as counsel for the Ackerman Parties without also clarifying that (a) such withdrawal does not relieve ANLYH of the obligation to produce (i) documents in the custody of the Ackerman Parties (who, as detailed below, acted as ANLYH's representatives in connection with the transactions at issue in this action) – including but not limited to all responsive documents gathered by Blank Rome to date, and (ii) the testimony of Ariel Ackerman (who is the son-in-law of ANLYH's principal and acted as ANLYH's sole representative in connection with certain aspects of the transactions at issue in this action); and (b) any failure by ANLYH to do so will entitle Defendants to seek a negative inference, preclusion, or similar sanctions to the same extent as a failure by ANLYH to produce documents in its own custody and/or testimony of its own employees and principal.

In support of that request, Defendants submit that following the dismissal of ANLYH's claims against JDS Construction and Michael Stern, the primary issue to be litigated in this case

651757/2022   A.N.L.Y.H. INVESTMENTS LP vs. JDS PRINCIPAL HIGHLINE LLC ET AL          Page 2 of 5
Motion No.  002

2 of 5

is whether $1,220,000 paid to the Ackerman Parties pursuant to a "Payment Direction Letter" (NYSCEF 8) – presented to JDS Highline by Ackerman and purportedly signed by ANLYH's principal, Rubin Schlussel ("Schlussel," who is Ackerman's father-in-law) – should be credited against the amounts allegedly due to ANLYH under a promissory note executed by JDS Highline (the "Note"). In its response to the interrogatories propounded by JDS Highline (NYSCEF 60), ANLYH identified Schlussel's son-in-law Ackerman as (a) the sole individual who "agreed" on behalf of ANLYH to the terms of the Note upon which ANLYH is now suing, and (b) one of the two individuals who acted on ANLYH's behalf in demanding payment on that Note (NYSCEF 59 ["Koch Affirm"] ¶4). Inasmuch as ANLYH has identified Ackerman as the sole individual who negotiated the terms of the Note on its behalf, Defendants submit it had been their expectation that – regardless of the claims against the Ackerman Parties – in discovery ANLYH would produce documents (including electronic communications and bank records) in Ackerman's custody and control respecting (among other things) communications between Ackerman (as ANLYH's representative) and Defendants, communications between Ackerman and his father-in-law Schlussel (ANLYH's principal), and the disposition of the $1,220,000 that was paid to the Ackerman Parties pursuant to the Payment Direction Letter. It had also been their expectation that – again, regardless of the claims against the Ackerman Parties – ANLYH would produce its identified representative Ackerman for deposition.

Discussion

An attorney may withdraw as counsel upon a showing of good and sufficient cause and reasonable notice (CPLR 321). The Court concludes that Blank Rome has made a sufficient showing of entitlement to withdraw as counsel for the Ackerman Defendants.

**651757/2022   A.N.L.Y.H. INVESTMENTS LP vs. JDS PRINCIPAL HIGHLINE LLC ET AL**
**Motion No.  002**

**Page 3 of 5**

3 of 5

[* 3]

Defendants' request to condition that withdrawal on discovery undertakings is denied. The Court will not direct Blank Rome to obtain discovery from a party with which has ceased communicating and to which it is adverse in litigation (*see* Flanders Affirm ¶ 2). That said, the Court notes that Blank Rome has acknowledged that Plaintiff is not relieved of its discovery obligations and will produce all non-privileged, responsive documents in its possession, custody or control, and that Blank Rome will produce all non-privileged, responsive documents it has gathered to date and will make every effort to produce Mr. Ackerman for a deposition (NYSCEF 61 ¶10).

Accordingly, it is therefore:

**ORDERED** that the motion of Blank Rome to be relieved as counsel for the Ackerman Defendants is **GRANTED**; it is further

**ORDERED** that Blank Rome is to comply with its obligations under Rule 1.16(d) of the Rules of Professional Conduct, as applicable to the facts presented, to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the clients, including giving reasonable notice to the clients, allowing time for employment of other counsel, delivering to the clients all papers and property to which the clients are entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules;" it is further

**ORDERED** that Blank Rome shall promptly serve a copy of this order upon Ackerman Defendants by email, and, if practicable, by hard copy at their last known home and business addresses, respectively, by certified mail, return receipt requested; it is further

**ORDERED** that Ackerman Defendants shall, to avoid a potential default in this action, appoint substitute counsel within thirty (30) days from the date of this order; and it is further

**651757/2022   A.N.L.Y.H. INVESTMENTS LP vs. JDS PRINCIPAL HIGHLINE LLC ET AL**
**Motion No.  002**

**Page 4 of 5**

**ORDERED** that no further proceedings may be taken against the Ackerman

Defendants without leave of this court until thirty (30) days from the date of notice.

This constitutes the decision and order of the Court.

20250204174023JMCOHEN666A5A967559484CA1F85016E16C3FCA

| **2/4/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

651757/2022   A.N.L.Y.H. INVESTMENTS LP vs. JDS PRINCIPAL HIGHLINE LLC ET AL                    Page 5 of 5
Motion No.  002

5 of 5

[* 5]